MORTIMER B. FOSTER, Appellant, *v.* N. W. HALSEY & COMPANY, Respondent.

First Department, May 27, 1921.

**Costs — taxation under Code Civil Procedure, § 3251, subd. 4, when cause on Appellate Division calendar more than one term — expenditure for corrections in printing appeal papers allowable — costs on appeal from order denying retaxation.**

Where a cause has appeared on the Appellate Division calendar for three terms, exclusive of the term at which the appeal was argued, the plaintiff is entitled, under subdivision 4 of section 3251 of the Code of Civil Procedure, to tax costs at thirty dollars for the three terms.

In the absence of any criticism as to good faith in the expenditure of money for corrections in printing the papers on appeal, the items should be allowed.

It is not error on an appeal from an order denying the retaxation of costs to allow costs to be taxed on such appeal even though the motion was not actively opposed at Special Term and no opposing affidavits or memoranda were submitted, but the appearance was made solely for the purpose of obtaining a ruling as to whether the items in question were properly taxable as costs.

APPEAL by the plaintiff, Mortimer B. Foster, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of February, 1921, denying plaintiff's motion for a retaxation of costs.

*Edward H. Neary* of counsel [*Edwards & Bryan*, attorneys], for the appellant.

*John N. Regan* of counsel [*Shearman & Sterling*, attorneys], for the respondent.

GREENBAUM, J.:

Plaintiff appeals from an order denying his motion for retaxation of a bill of costs and affirming the ruling of the clerk in striking therefrom thirty dollars for three term fees in the Appellate Division and eight dollars for additional expenses in printing the papers on appeal.

Section 3251, subdivision 4, of the Code of Civil Procedure provides: "·For each term of the Appellate Division, not exceeding five, of the Supreme Court, at which the cause is necessarily on the calendar, excluding the term at which it is argued, or otherwise finally disposed of; ten dollars."

The Judiciary Law (§ 78) provides: "The terms of the Appellate Divisions of the Supreme Court are to be appointed by the Appellate Division in each department, and are to be held at such times and places and shall continue so long as the Appellate Division deems proper. The justices of the Appellate Division in the First Department shall fix a time and place for holding the terms of the Appellate Division in the First Department on or before the first day of December in each year."

On or about November 19, 1919, this Appellate Division made its appointment of terms for the year 1920 as follows:

"APPELLATE DIVISION OF THE SUPREME COURT APPOINTMENT OF TERMS OF THE APPELLATE DIVISION OF THE SUPREME COURT IN THE FIRST DEPARTMENT, 1920.

"The undersigned Justices of the Appellate Division of the Supreme Court in the First Department, pursuant to the provisions of Section 78 of the Judiciary Law    *    *    *    do

hereby appoint NINE TERMS of the said Appellate Division to be held at the Court House of the Appellate Division in the County of New York, to commence respectively as follows: The first Tuesday of January, the first Tuesday of February, the first Tuesday of March, the fifth Tuesday of March, the fourth Tuesday of April, the fourth Tuesday of May, the first Tuesday of October, the first Tuesday of November and the fifth Tuesday of November, 1920   *   *   *."

It is undisputed that this case was on the Appellate Division calendar for three terms, exclusive of the term at which the appeal was argued. A mere statement of the foregoing facts, therefore, indicates that the clerk improperly struck from the bill of costs submitted in behalf of the plaintiff the item of thirty dollars for three term fees. In the absence of any criticism as to the good faith of the expenditure of eight dollars for corrections in printing the papers on appeal, we think that this item also should have been allowed.

The learned counsel for the respondent present no argument whatever in support of the clerk's ruling and indeed practically concede that it was erroneous. They suggest, however, that no costs on this appeal be allowed because they did not actively oppose the motion for retaxation at Special Term and did not submit any opposing affidavits or memoranda, but that they merely stated to the court that they appeared solely for the purpose of obtaining a ruling as to whether the items in question were properly taxable as costs.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.